IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARCUS CORNELIUS PHILLIPS, ) <br> AIS #260424, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> LT. JOHNSON, et al., ) <br>   ) <br> Defendants. ) | CIVIL ACTION NO. 3:20-CV-579-RAH <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Marcus Cornelius Phillips, a *pro se* inmate, initiated the instant 42 U.S.C. § 1983 action on August 10, 2020. In this civil action, Phillips challenges the constitutionality of actions taken against him during his confinement at the Russell County Jail. Doc. 1 at 2–6. Both the initial order requiring additional financial information from Phillips and the order of procedure entered in this case required him to "immediately inform the court and the defendants [or defense counsel] of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." Doc. 3 at 2 & Doc. 11 at 4, ¶8. The docket indicates Phillips received a copy of these orders. However, the postal service returned as undeliverable an order entered on February 23, 2021, Doc. 40, because Phillips no longer resided at the last address he had provided to the court for service.[1]

---

[1] The last address provided by Phillips is the Bullock Correctional Facility.

Based on the foregoing, the court entered an order noting Phillips's failure to provide a current address and requiring that on or before March 25, 2021 he "show cause why this case should not be dismissed for his failure to provide the court with a current address in compliance with the orders of this court and his failure to adequately prosecute this action." Doc. 41 at 2. The court further "specifically cautioned [Phillips] that if he fails to respond to this order the Magistrate Judge will recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 41 at 2. As of the present date, Phillips has failed to provide the court with his current address or show cause for such failure pursuant to the directives of the orders entered in this case. The court therefore concludes that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After this review, the undersigned finds that dismissal of this case is the proper course of action. Initially, Phillips is an indigent individual and the imposition of monetary sanctions against him would be ineffectual. Moreover, Phillips has failed to comply with the directives of the orders entered by this court regarding provision of a current address. It likewise appears Phillips is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when his whereabouts are unknown.

Accordingly, the court concludes that Phillips' failure to comply with the orders of this court warrant dismissal of this case. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 21, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall

"waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of April, 2021.

/s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE